### YORK COUNTY v. FEWELL.

1. Where respondent consents in writing that the judgment of the Circuit Court shall be reformed in the particulars complained of by the appellant, all is conceded that could be obtained by an appeal; and, therefore, the appeal will not be considered.
2. Special commissioners appointed for the purpose having laid out a highway between two towns, the Board of County Commissioners assessed the damages sustained by the land owners, and on appeal to the Circuit Court, the amount of damages was referred to a jury, on the testimony already taken. *Held,* that this was error, and that the proper mode of proceeding to obtain a condemnation of the right of way was that indicated in sections 1550 *et seq.* of *General Statutes.*[1]

Before KERSHAW, J., York, March, 1883.

The opinion fully states the case.

*Mr. C. E. Spencer,* for plaintiff.

---

[1] All this was prior to the act of 1883, § 5, 18 *Stat.,* 632, which provides a manner for obtaining the right of way in such cases.—REPORTER.

*Messrs. Hart & Hart,* for defendant.

April 14th, 1884.   The opinion of the court was delivered by

Mr. Justice McIver.   Sundry citizens of York county having filed a petition in the office of the county commissioners of said county praying for the opening of a new road from Ebenezer to Rock Hill, three special commissioners were appointed by the Board of County Commissioners, under the provisions of subdivision 9 of section 611 of the General Statutes of 1882, to lay out said road, and also to assess the damages sustained by the persons over whose land said road should pass. These special commissioners filed their report on August 21st, 1882, designating the route of said road, estimating its width at thirty feet, and assessing the damages of the land holders, amongst others to the defendant, S. M. Fewell, $250. ` To this report exceptions were filed by said Fewell on three grounds : 1. Because the compensation allowed is insufficient.   2. Because the width of said road was established at thirty feet, instead of twenty feet, as provided for by law.   3. Because it is not the best and shortest road between the two designated termini.

The Board of County Commissioners having heard the report and the exceptions thereto, together with the evidence adduced in support of said exceptions, confirmed the report, from which action of the board the defendant appealed to the Circuit Court, upon certain grounds set out in the "Case," but not necessary to be recited here.   The appeal was heard by Judge Kershaw, who rendered judgment, holding, *first,* that, in view of the conflict of testimony as to whether the compensation allowed was sufficient, it was proper that that question should be referred to a jury. *Second.* That the objection as to the width of the road was not tenable, as he could find no law limiting the width of a public road to less than thirty feet.   *Third.* That the necessity for the road in question, as well as the propriety of the route selected, are matters so much in the discretion of the commissioners that in the absence of any manifest unfairness or impropriety the court would not interfere.   He therefore adjudged that the question of the amount of compensation which should be allowed the defendant, Fewell, be referred to a jury "upon the testimony

already taken herein," and that in all other respects the decision of the county commissioners be affirmed, and "that upon the finding of the jury upon the question of damages, the appellant have judgment for the amount by them to be determined, upon the approval of the same by the judge presiding at the rendition of the verdict."

From this judgment both parties appeal, the plaintiff upon the following grounds: "1. For that his honor, the Circuit judge, erred in referring the question of compensation to a jury, and in not sending it back to the county commissioners to appoint a new board of special commissioners to assess the damages, as contemplated by law; or in not himself appointing said special commissioners for said purpose. 2. For that his honor erred in referring the said question of compensation to a jury 'upon the testimony already taken herein,' whereas it should have been submitted to the jury *de novo,* or at least without any restriction upon the right of either party to introduce such testimony as he might be advised to offer. 3. For that his honor erred in not making the judgment for the amount of damages (when determined) conditional upon the appropriation of defendant's land by the plaintiff or its agents."

The defendant's appeal is based upon the ground that there was error in establishing the width of the road at thirty feet instead of twenty feet. Before the "Case" was settled or agreed upon, the attorney for the plaintiff served a written notice on the attorneys for defendant consenting to a reformation of the judg- ment, so that the width of the road should be fixed at twenty instead of thirty feet, as provided by section 1064 of General Statutes of 1882, which seems to have been overlooked on the Circuit. This, it seems to us, disposes of the appeal on the part of the defendant, as it concedes to him all that he could obtain by the judgment of this court sustaining his appeal.

It only remains, therefore, to consider the appeal on behalf of the plaintiff, but under the view which we take of the case, it will not be necessary to consider the grounds in detail. It seems to us that the parties have entirely mistaken the mode of proceeding provided by law for ascertaining the amount of compensation to which a land holder, whose land may be appropriated

for a public highway, shall be entitled. The constitution (Art. I. § 23) provides that "private property shall not be taken or applied for public use, or for the use of corporations, or for private use, without the consent of the owner, or a just compensation being made therefor;" but it does not provide any mode by which the amount of such compensation shall be ascertained. That was left for the legislature to do. Accordingly, in section 1550 of the General Statutes and those immediately succeeding, provision is made for the purpose: "Whenever any person or corporation shall be authorized by charter to construct a railway, canal, turnpike, *or other public highway*," &c. (the italics being ours). Subdivision 9 of section 611 of the General Statutes, under which the parties seem to have proceeded in this case, makes no provision for the assessment of the amount of compensation to which a land holder may be entitled whose land is appropriated for the use of the public as a highway by the special commissioners therein authorized to be appointed. It simply authorizes the Board of County Commissioners to appoint special commissioners *to lay out* public highways, and after they are so laid out, then, for the purpose of acquiring the right of way, the mode prescribed by section 1550 *et seq.* must be pursued.

It is true that some of the language employed in these sections would seem to indicate that they were intended to apply to railway and other like companies; but as the constitution expressly declares that private property shall not be taken or applied even to public uses without the consent of the owner, or without just compensation being made therefor, and as there does not seem to be any other law providing a mode by which the amount of such compensation shall be ascertained, we think the fair and necessary construction is, that the mode prescribed by these sections must be pursued when private property is to be taken or applied to the use of the public by the establishment of a public highway. We think, therefore, that it was error to refer the question of the amount of compensation to which the defendant was entitled to a jury to be determined by them upon the evidence previously taken; but that, on the contrary, the amount of such compensation should be ascertained in the mode hereinabove indicated.

The judgment of this court is that the judgment of the Circuit Court be reversed.